# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| ABDOULAYE TALL,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST OF POTOMAC, LLC, et al.,<br><br>Defendants. | Civil Action No. 09-2196 (JDB) |

## MEMORANDUM

The Clerk of Court has entered default against the Credit Protection Association ("CPA"). See Clerk's Entry of Default [Docket Entry 17]. Before the Court is [Docket Entry 22] Abdoulaye Tall's motion for a default judgment. Upon entry of default, "the defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., Inc., 239 F. Supp. 2d 26, 30 (D.D.C. 2002). "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." Id. Hence, when seeking a default judgment, the plaintiff must prove its entitlement to the damages or other relief requested. See id. "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." Id.

By order issued on August 20, 2010, the Court required Tall to provide by affidavit sufficient evidence to enable the Court to assess and order appropriate relief. He has responded to that order by a lengthy memorandum with attachments rather than through an affidavit as

instructed. Nonetheless, the Court will enter a default judgment on the basis of the law and the material Tall as provided.

In his Memorandum Regarding Entitlement to Damages ("Damages Mem."), Tall seeks actual damages, statutory damages, court costs, attorney's fees and punitive damages on his claims under the Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practices Act (FDCPA), and for defamation. He has provided no documentation or other justification for any attorney's fees (merely claiming that he incurred $1500 in legal expenses) -- which stands to reason since he has proceeded pro se in this action. Hence, no attorney's fees will be awarded. The only court costs relating to this action specified by Tall is the filing fee of $350, to which he is entitled.

Tall's submission is not of much help in specifying any recoverable actual damages. He makes general, conclusory assertions with respect to his time and effort spent dealing with this matter, his difficulty in getting one loan, and the anguish and pain he has suffered. But he has provided no detail as to any injury, and no account for the Court to quantify any damages. Armed only with his broad, conclusory claims, the Court is hard pressed to make a specific determination of an amount to which Tall is entitled. And Tall has provided little support for a claim of a willful violation by CPA -- indeed, he simply assumes either that CPA's conduct must have been willful or that the default deems a willful violation to be admitted.[1] The Court cannot conclude, therefore, that willfulness under the relevant statutes is well-pled and hence deemed admitted by virtue of the default.

---

[1] Tall has not satisfied the requirements and standard for an award of punitive damages and under the circumstances here he is not entitled to any.

It is fair to say, however, that this was not a major statutory violation or defamation of Tall.  The circumstances here amount to no more than what one would expect from this type of fairly routine credit dispute and collection error.  Tall identifies little in the way of consequences to him before the matter was resolved, and the bill in dispute was quite small.  After considering Tall's damages submission, the relevant law and the entire record, the Court makes an independent determination that, whether as actual damages for the various claims asserted or as statutory damages for a willful violation of the FCRA and the FDCPA (or a combination of both), the proper damages award is $350 in court costs and $1500 in additional damages.

Accordingly, a default judgment in the total amount of $1850 will be entered.

/s/
JOHN D. BATES
United States District Judge

Date: October 29, 2010